1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA

| RUDY SIMENTAL, | Case No. 17-cv-00801-MEJ (PR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| NANCY ADAMS, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California state inmate, filed this pro se civil rights complaint under 42 U.S.C. § 1983. On April 6, 2017, the Court reviewed his original complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In his amended complaint, plaintiff alleges that defendant prison officials and medical staff delayed in diagnosing and treating a cancerous tumor in his right leg. Even after he finally received surgery, plaintiff alleges, defendants failed to provide necessary pain relief and physical accommodations and failed to follow discharge orders from the outside hospitals that treated him. Plaintiff alleges that this deficient medical treatment began at Pelican Bay State Prison ("PBSP"), where we was incarcerated from 2013 to July 2015, and continued at California State Prison, Sacramento ("CSP-SAC"), where he was transferred in July 2015 so that he could be closer to his treatment facility.

When liberally construed, the allegations state a cognizable claim for deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment, as against the following defendants: Nancy Adam, Michael C. Sayre, Amanda Karanopoulos, Krystal Aubin, Jay Lian, J. Arriola, Heather McAlexander, Nipa Tran, I. Bal, D. Bodenhammer, J. Lewis, A. Richmond, Shaw, and Powers.

The potential liability of defendants is under the Eighth Amendment, and is not under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). It is alleged here, however,

that by denying or improperly handling such appeals, defendants Bal, Sayre, Arriola, and Lewis denied medical care that plaintiff alleges was sorely needed. Thus, it is for the denial of medical care that these defendants may be held liable, not simply for denying administrative appeals.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint states a cognizable Eighth Amendment claim against defendants Adam, Sayre, Karanopoulos, Aubin, Lian, Arriola, McAlexander, Tran, Bal, Bodenhammer, Lewis, Richmond, Shaw, and Powers. Defendant Regules is DISMISSED as he is no longer named in the amended complaint. The Clerk shall terminate Regules as a defendant in this action. The Clerk shall also add Karanopoulos, Aubin, Lian, McAlexander, Tran, Richmond, Shaw, and Powers to the docket as defendants in this action.

2. The Clerk shall issue summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the amended complaint (dkt. no. 8) with all attachments, and a copy of this Order on the following defendants:

- **Nancy Adam, M.D., Michael C. Sayre, M.D., Amanda Karanopoulos, LVN, Krystal Aubin, LVN, Jay Lian, LVN, J. Arriola, RN, Heather McAlexander, RN,** and **Nipa Tran, RN,** at **PBSP**.
- **I. Bal, M.D., D. Bondenhammer, PA-C, A. Richmond, LVN, Correctional Officer Shaw,** and **Correctional Officer Powers** at **CSP-SAC**.
- **J. Lewis** at the **California Department of Corrections and Rehabilitation.**

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684

F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

   b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c.  Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  4.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The <u>Rand</u> notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. <u>Woods</u>, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 11, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge