UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY SIMENTAL,<br>Plaintiff,<br>v.<br>NANCY ADAMS, et al.,<br>Defendants. | Case No. 17-cv-00801-SI<br><br>**ORDER**<br>Re: Dkt. Nos. 21, 22 |

The court recently referred this action for a settlement conference set to take place in Sacramento on November 9, 2017.

Plaintiff has filed a motion for assignment of the action to an ADR mediation program and to stay discovery. (Docket No. 21.) The request for assignment to an ADR mediation program is DISMISSED as moot because the court already referred the action for a settlement conference. With regard to discovery, plaintiff explained that he wants a stay of discovery to avoid his deposition set for October 13. His motion was not mailed until the day before the deposition was set to occur and was not filed at the court until a few days thereafter. His desire to avoid the deposition now appears to be a moot point. Plaintiff has not identified any other pending discovery, or shown a need for a stay of discovery at this point. Plaintiff's motion to stay discovery therefore is DENIED. (Docket No. 21.)

Plaintiff has filed a motion to appoint counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The motion for appointment of counsel is DENIED. (Docket No. 22.)

Several of plaintiff's filings have contained single-spaced typing. The court accepts typed as well as handwritten documents from *pro se* litigants, but does require that they be double-spaced because the court reads hundreds of pages of documents each week. All future filings from plaintiff must be double-spaced with no more than 28 lines per page. *See* N.D. Cal. Local Rule 3-4(c)(2) ("Text must appear on one side only and must be double-spaced with no more than 28 lines per page.")

**IT IS SO ORDERED**.

Dated: October 26, 2017

_____
SUSAN ILLSTON
United States District Judge