UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY SIMENTAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY ADAMS, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00801-SI<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 49 |

This is a *pro se* prisoner's civil rights action in which the plaintiff complained of inadequate medical care at Pelican Bay State Prison and the California State Prison – Sacramento (CSP-Sacramento). This action was dismissed on May 9, 2018, after the parties reached a settlement agreement at a settlement conference before Magistrate Judge Robert Illman on May 4, 2018. *See* Docket Nos. 45, 46.

This matter is now before the court for consideration of plaintiff's recently-filed motion for a temporary restraining order and preliminary injunction to (a) prevent plaintiff's transfer from CSP-Sacramento "while this action is pending or at the very least while settlement [nego]tiations are ongoing in this matter," and (b) prevent prison officials from taking away plaintiff's walker. Docket No. 49 at 1.

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are the same

as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.[1] The irreparable injury must be both likely and immediate. *See id.* at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

Plaintiff is not entitled to a TRO or preliminary injunction to prevent his transfer or to keep his walker. There are several problems with his motion.

First and foremost, the request to prevent plaintiff's transfer from CSP – Sacramento is now moot because the transfer has occurred. The CDCR's records show that plaintiff now is housed at Salinas Valley State Prison. (This information was obtained from the CDCR's inmate locator website, available at https://inmatelocator.cdcr.ca.gov/default.aspx.)

Second, the dispute that forms the basis for the requested TRO/injunction is different from the dispute at issue in this action. The alleged wrongdoers (i.e., the prison doctors and custody officials who determined that plaintiff should be transferred and that his walker should be disallowed) identified in the motion are not defendants in this action. And the alleged wrongdoing described in the motion (i.e., a non-defendant doctor's retaliation in June 2018 for plaintiff's medical grievance filed for lowering plaintiff's pain medications) is not the same wrongdoing that was alleged in the first amended complaint (i.e., a claim for deliberate indifference to plaintiff's medical needs regarding a cancerous tumor on his leg more than a year ago). A plaintiff is not

---

[1] *Winter* did not, however, completely reject the validity of the sliding scale approach to preliminary injunctions. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under the "sliding scale" approach used in the Ninth Circuit – also dubbed the "serious question" test in *Alliance for Wild Rockies* -- "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. Thus, even after *Winter*, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132 (citations omitted).

1  entitled to injunctive relief based on claims not pled in the complaint because the "court's
2  equitable power lies only over the merits of the case or controversy before it." *Pacific Radiation
3  Oncology, LLC v. Queen's Med. Ctr.,* 810 F.3d 631, 633 (9th Cir. 2015); *see, e.g., id.* at 636-38
4  (district court properly denied plaintiff's request for an injunction to prevent HIPAA violation,
5  where plaintiff had not asserted a claim for a HIPAA violation).

Third, plaintiff's argument in his motion for a TRO/injunction that he should not be transferred from CSP-Sacramento because it will be more difficult to get to court for settlement proceedings in this case does not make sense because this case is closed. Settlement negotiations are not ongoing, and no settlement conferences are upcoming. The parties reached a settlement and this action was dismissed two months ago.

Fourth, because this action already has been dismissed, plaintiff does not show a likelihood of success on the merits and does not show the need for any interim relief until the merits are reached. Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

For the foregoing reasons, plaintiff's motion for a TRO and preliminary injunction is DENIED. Docket No. 49. Plaintiff is free to file a new civil rights action to complain of the wrongs described in his motion, but he cannot obtain relief in this action for those alleged wrongs.

**IT IS SO ORDERED**.

Dated: July 13, 2018

SUSAN ILLSTON
United States District Judge